UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARILYN LEGNINI**          ) | |
| ) | |
| **Plaintiff,**          ) | |
| ) | |
| v.          ) | Civil Action No. 06-00012 (RJL) |
| ) | |
| **UNITED STATES OF AMERICA**          ) | |
| ) | |
| ) | |
| **Defendant.**          ) | |
| ) | |

### STIPULATED PRIVACY ACT AND CONFIDENTIALITY ORDER

Subject to the Court's approval, plaintiff and defendant, by their undersigned counsel, hereby stipulate and agree that documents and information designated by counsel as protected shall be given protected material status, shall be disclosed only to counsel for the parties and to those persons designated in paragraph 6 below, shall be used solely for purposes of the above-captioned litigation, and shall be further protected as set out herein.

1. Counsel for defendant is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11) to release to plaintiff's attorneys of record and the Court, government records or information derived from such records, pertaining to past or present federal employees, release of which would otherwise be prohibited by the Privacy Act, 5 U.S.C. § 552a.  This release may occur without obtaining the prior written consent of the individuals to whom such records or information pertain.  Such disclosure of records or information shall be subject to the provisions of paragraph 1 through 10 of this Stipulated Privacy Act and Confidentiality Order ("Stipulated Order").

2. Counsel for either party to this litigation may initially designate as "protected information " hereunder any material exchanged in this case if counsel deems, in good faith, that

release of such material would otherwise constitute an unreasonable invasion of privacy. Either party designating material as protected hereunder represents thereby that it has done so in good faith and pursuant to a bona fide belief that such materials are in fact confidential and deserving of protection. Counsel and parties are referred to Local Civil Rule 5.4(f) for typical examples of material deserving "protected" designation. For purposes of the instant litigation, examples of materials likely deserving "protected" designation include: documents that contain information regarding plaintiff's medical and mental health or documents involving present or former employees of the government.

    3. Each party shall either mark the designated material as "Confidential" or "privacy protected," or shall designate in a letter to the other party those materials subject to this stipulation and order.

    4. Pursuant to L.Civ.R. 5.2(a), the parties shall not file discovery materials, including interrogatories, answers thereto, document requests, responses thereto, requests for admission, responses thereto, or deposition transcripts, containing information subject to this order with the Court's Clerk.

    5. If any party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth information that has been designated as subject to this Stipulated Order pursuant to paragraph two, including portions of deposition testimony or exhibits that contain, reference, or discuss information subject to this Stipulated Order, such filing, to the extent that it includes limited reference to protected information, may be filed on the public record in accordance with LCvR. 5.4(f); otherwise, the filing shall be made in the Clerk's Office in sealed envelopes or other approved sealed containers on which shall be

endorsed the title to this action, a brief description of the contents of such sealed envelope or container, and the words "under seal." Each party agrees that it will not oppose any motion to seal filed by the other party for this purpose. Within three business days after the filing of any such document under seal, the party who filed the document shall serve on counsel for the other party a copy of such document from which the protected material has been deleted unless such document has previously been produced to the other party. Counsel for the other party shall then have three business days to review the redacted copy of the document to determine whether or not they agree with the proposed deletions. At the conclusion of that review period the redacted copy shall be filed on the public record unless an objection has been made by one of the other parties. In the event of an objection that the parties are unable to resolve informally either party may submit the dispute to the Court for resolution. The document in question shall be filed on the public record containing the material as to which there is no dispute pending resolution of the matter by the Court.

      6. The parties' right of access to all materials designated as subject to this Order (unless the parties have agreed otherwise or the Court enters an Order permitting disclosure) shall be limited to the party, counsel for the party, consultants to the party, doctors and other medical personnel of the party, paralegals and expert witnesses in their employ, any reporter recording the deposition testimony in this action, and any other person(s) mutually authorized by plaintiff and defense counsel to examine such materials. Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court, and that it is to be used only for purposes of proceeding in this action.

      7. Except as provided herein, no person having access to material designated as subject

to this Order shall make public disclosure of those materials without further Order of the Court or written stipulation, signed by counsel for plaintiff and counsel for the defense.

       8. All documents and copies of documents designated as subject to this Order shall be destroyed or returned to opposing counsel at the conclusion of all trial and appellate proceedings in this case. If the documents are destroyed, the opposing party shall so notify designated counsel in writing. This provision shall not apply to (i) documents for which the designation under this Protective Order has been withdrawn or terminated, (ii) documents filed with the Court, and (iii) documents that have been introduced at trial or that contain information that has otherwise become public.

       9. Nothing contained in this Order shall be construed as precluding Plaintiff or Defendant from introducing materials, which are subject to this Order, or the contents thereof, at a deposition in this case or into evidence at the trial of this case. If, however, these documents are to be used at trial, the Court may determine and direct at that time the extent to which confidentiality shall be protected.

      10. Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by an Order of the Court. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

      11. This Order is without prejudice to the rights of either party to seek from the Court a modification of this Order. If the opposing party disagrees with the designating party's designations and if the parties are unable to resolve the disagreement, the opposing party may

seek an Order from the Court removing the disputed material from the protection of this Stipulated Order.

    12. Nothing contained herein shall be construed to limit a party's use or disclosure, to the extent otherwise permitted by law, of documents or information in the party's possession prior to or for reasons unrelated to proceedings in this action.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR,
D.C. BAR # 498610

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building, Room E4808
555 4th Street, NW
Washington, DC 20530
Tel: (202) 305-1334
Fax: (202) 514-8780

/s/
_____
JAMES E. McCOLLUM, Jr.
D.C. BAR #398117
AMIT SHARMA, Esq.,
McCollum & Associates, L.L.C.
7309 Baltimore Avenue, Suite 117
College Park, MD 20740-1717

APPROVED, AND SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Date: