REVISED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN LEGNINI ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil Action No. 06-0012 (RJL) |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| Defendant. ) | |

### STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL

It is hereby stipulated and agreed by and between the parties, Marilyn Legnini (Plaintiff) and the United States of America, and all agents, officers, and employees of the United States of America (Defendant) that the above-entitled action is hereby settled and compromised under the terms and conditions as set forth herein:

1. Plaintiff and Defendant hereby agree to settle and compromise the above-entitled civil action, regarding a motor vehicle accident at 18th and Rhode Island Avenue, N.E in Washington, D.C., on October 22, 2002, involving the Plaintiff and Defendant, in accordance with the terms and conditions set forth herein.

2. Subject to the terms and conditions set forth herein, and in final satisfaction of all of the Plaintiff's claims arising out of the subject of this civil action, including without limitation any claim for attorney's fees, costs, other litigation expenses, and interest, Defendant United States of America agrees to pay the Plaintiff the total sum of Two Hundred Thousand Dollars ($200,000.00) (hereinafter "settlement amount"). The settlement amount shall be in the form of a check drawn on the United States Postal Service and shall be made payable to Marilyn Legnini

REVISED

and James E. McCollum, Jr., McCollum & Associates, L.L.C, 7309 Baltimore Avenue, Suite 117 College Park, MD 20740-1717. Counsel for the United States agrees that upon notification of the Court's entry of this Stipulation, they will within 10 days complete and transmit the U.S. Postal Service the documentation necessary to effectuate this payment. The Court shall retain jurisdiction to resolve any claim of noncompliance with the terms of this Stipulation of Settlement.

3. In consideration for Defendant United States of America's agreement and undertaking in paragraph 2 above:

(a) Plaintiff waives, releases, acquits and forever discharges any and all claims, demands, rights, actions, causes of action, liabilities, damages, consequential damages, and costs of every kind and nature, whether now known or unknown, asserted or un-asserted, on account of, or in any way arising out of the subject matter of this civil action, including without limitation attorney's fees, costs, other litigation expenses and interest, against the United States of America or any of its present or former employees, agents or servants.

(b) Plaintiff agrees that the above-captioned civil action shall be dismissed, with prejudice with the parties bearing their own costs, expenses, and fees, from the dockets of the United States District Court for the District of Columbia. Plaintiff further agrees that she shall not hereafter institute or prosecute any civil actions or other proceeding of any nature against the Defendant, or any present or former employee, agent or servant of the United States of America with respect to the subject matter forming the basis of this civil action or arising from the motor vehicle accident occurring on October 22, 2002 and which is the subject of this action.

4. Plaintiff represents and warrants that in entering into and executing this Stipulation

2

REVISED

and Agreement of Settlement, she has relied on her own investigation and on the investigation and advice of her own counsel and that she has been given a reasonable period of time within which to consider the terms and conditions hereof.

5. This Stipulation and Agreement of Settlement shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, personal representatives, successors and assigns.

6. This Agreement shall become effective when signed by all of the individuals listed below or their designees. The Agreement constitutes the entire agreement and understanding of the parties and may not be modified orally.

7. No person or entity not a party shall acquire any rights or benefits pursuant to or on account of this settlement agreement, either directly or indirectly, as a third party beneficiary or otherwise.

8. This Stipulation and Agreement of Settlement has been entered into by Plaintiff and Defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the risks and expenses of further litigation. Therefore, this Stipulation and Agreement of Settlement is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and/or defenses. Without limiting the generality of the foregoing, this Stipulation and Agreement of Settlement does not constitute, and shall not be construed as an admission that the Defendant, its agents, servants, employees, or former employees, breached any standard of care, violated any constitutional rights or caused the injuries claimed herein. Neither shall this agreement be used as evidence of or for a purpose that is inconsistent with this paragraph or any other alleged wrong doing on the part of

REVISED

the Defendant. The Defendant specifically denies that it breached any standard of care or caused the injuries alleged.

9. It is also understood by the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with the claims in this case brought under the Federal Torts Claim Act shall not exceed 25 per centum of the amount of the compromise settlement.

10. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

_____
MARILYN LEGNINI
Plaintiff

_____
JEFFREY A. TAYLOR,
D.C. BAR # 498610
United States Attorney

_____
JAMES E. McCOLLUM, JR
DC BAR # 398117

McCollum & Associates, LLC
7309 Baltimore Avenue, Suite 117
College Park, MD 20741
(301) 864-6070

Counsel for Marilyn Legnini

_____
RUDOLPH CONTRERAS,
D.C. BAR # 434122
Assistant United States Attorney

_____
HEATHER GRAHAM-OLIVER,
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-1334

4

REVISED

This matter is settled and dismissed with prejudice.

SO ORDERED on this __ day of _____, 2007.

_____
UNITED STATES DISTRICT COURT